**LEO OSHINS, doing business as The United Dental Laboratories, v. FRED M. YORK, L. D. PANKEY, W. G. McLEOD, A. B. WHITMAN and H. B. PATTISHALL, individually and as Constituting the Florida State Board of Dental Examiners.**

8 So. (2nd) 670                 En Banc
June 9, 1942       Rehearing Denied July 2, 1942

Albert S. Dubbin, for appellant.

Morehead & Pallot, Chas. S. Ausley and John C. Ausley, for appellees.

ADAMS, J.:

This appeal is from a final decree entered on bill and answer. The suit was brought under Chapter 20240, General Laws, 1941, by the Board of Dental Examiners against appellant, the owner of a dental laboratory.

Appellant was licensed to operate a dental laboratory but was not a licensed dentist. By advertisements in the daily papers he solicited the public to come to his laboratory for dentures. When the public responded, they were directed to a licensed dentist by appellant for a prescription. The court enjoined the advertising.

Three questions are presented by appellant to-wit:

"Do sections of an act which permit a person to occupy himself as a manufacturer and may, upon a written prescription of a licensed and registered dentist, construct, reproduce or repair bridges, plates or appliances to be used or worn as substitutes for natural teeth and sell them, providing that such person, firm or corporation shall not advertise to the

general public, violate the Constitution of the State of Florida and of the United States of America by depriving the said person of his right to trade; of his property without due process of law; of his right of freedom of speech and of the press; of his right to contract; of his right to trade in interstate commerce; of the equal protection of the laws; is it arbitrary and unreasonable?"

The lower court answered this in the negative.

"When an act is entitled: 'An Act to Define and to Regulate the Practice of Dentistry and Dental Hygiene in the State of Florida and to Provide Penalties for the Violation of Any of the Provisions of This Act,' does such act violate the provisions of Section 16 of Article III of the Constitution of the State of Florida where the act provides in its body for the regulation of a business not regulated by similar acts under similar titles enacted by prior legislatures? Where the act provides for a new criminal offense?"

The lower court answered this in the negative.

"Is the State Constitutional provision guaranteeing the freedom of the press violated when an act provides that certain property may be manufactured and sold to the public, but makes the solicitation of sale by advertising in newspapers and other media a crime?"

The lower court answered this in the negative.

We think the act and the title are both sufficient to withstand the attack on constitutional grounds. The law has been settled on good reason that regulation of the practice of dentistry is subject to the police power. Spencer v. Hunt, 109 Fla. 248, 147 So. 282.

The appellant's contention, when reduced to its last analysis is that he is not a dentist but is a business

man and for that reason he should not be restrained from advertising in order to foster his business. It is true his type of business has been exempted from the dental act, but the same act which affords the exemption enjoins advertising by those exempted. The question is then, is the act in question arbitrary and without reason? The legislature found as a fact the practice of dentistry affected the public health. This is a fact of common knowledge. The legislature also found that only those duly qualified should practice dentistry. The purpose of the law is protection to the general public. Let us see then how the public is best protected. Appellant is admittedly not amenable to the act as a dentist. If the public be lured to the appellant's "business establishment" by convincing advertisements the obvious purpose of appellant is to sell dentures without regard of medical need of same. If it be urged that they are never furnished except on prescription of a duly licensed dentist, then the question arises whose patient is the customer? If he comes to the business man (appellant) and is sent by the latter to a dentist, the temptation is great to prescribe dentures. The chances are enhanced that unless the prescription favors appellant's business, few patients will be sent to the same dentist thereafter. We do not think this practice is conducive to the loyalty that should exist between patient and doctor. See Florida State Board of Optometry v. Gilmore, et al., 147 Fla. 776, 3 So. (2nd) 708. We think, therefore, the legislature had a sound reason to enact a law to see that this situation would not happen. While we know a good dentist would not sacrifice his judgment for money, yet we have truly said that those learned in the sciences sometime re-

cede from the common and accepted standards of honesty. Spencer v. Hunt, supra.

The decree is affirmed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN and THOMAS, JJ., concur.