Stephen **RINDLEY**, D.D.S., Plaintiff,

v.

Thomas **GALLAGHER**, as Secretary of the Department of Professional Regulation, Bruce Lamb, individually and in his official capacity, Julie Gallagher, individually, Rupert Quintin Bliss, D.D.S., individually, Joan R. Levy, individually, Chris C. Scures, D.D.S., individually, Richard Chance, Jr., D.D.S., individually, Sally Wiedetz, individually, Diana L. Dartland, individually, Robert Ferris, D.D.S., individually and in his official capacity as a member of the Florida Board of Dentistry, Richard Wiess, D.D.S., individually, Maxine Sindledecker, D.D.S., individually, Orin Mitchell, D.D.S., individually and in his official capacity as a member of the Florida Board of Dentistry, Michael Greene, Esquire, individually and in his official capacity as a member of the Florida Board of Dentistry, Edward Baines, D.D.S., individually and in his official capacity as a member of the Florida Board of Dentistry, Tom Kraemer, individually and in his official capacity as a member of the Florida Board of Dentistry, Fred Ackel, D.D.S., Donald Cadle, D.D.S., Richard J. Chichetti, D.D.S., William S. Robinson, D.D.S., Roberta A. Goodman and Kathy Stern, all in their official capacities as members of the Florida Board of Dentistry, East Coast Dental Society, John D. Tabak, D.D.S., Barbard Sims, Linda Stout, Marshall Brothers, D.D.S., and Leonard M. Sakrais, D.D.S., Defendants.

No. 88–0761–CIV.

United States District Court, S.D. Florida, Miami Division.

Aug. 23, 1989.

Karen C. Amlong, Amlong & Amlong, P.A., Fort Lauderdale, Fla., for plaintiff.

E. Harper Field, Dept. of Professional Regulation, Terry Williams, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., M. Stephen Smith, Rumberger, Kirk, Caldwell, Cabaness, Burke & Wechsler, P.A., and Miles McGrane, Kubicki, Bradley, Draper, Gallagher & McGrane, Miami, Fla., for defendants.

## FINAL ORDER OF DISMISSAL WITHOUT PREJUDICE

ARONOVITZ, District Judge.

Plaintiff, who characterizes himself as an "advertising dentist," brings this lawsuit attacking virtually the entire institution regulating the profession of dentistry in Florida.[1] The 49 page amended complaint alleges that the defendants conspired to harass Plaintiff through selective prosecution, enforcement of unfounded complaints, and issuance of "letters of guidance." Plaintiff seeks damages, to enjoin further selective prosecution, and to have selected Florida statutes as enacted or applied declared unconstitutional. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343.

This cause is now before the Court upon several motions to dismiss filed by the various groups of defendants.[2] These motions

---

1. Parties: Plaintiff is a Florida dentist. Defendants have been grouped into four categories:
   A. "DPR" Defendants: The Florida Department of Regulation, its Secretary, and two attorneys employed to investigate and prosecute claims.
   B. "Board" Defendants: Past and present members of the Florida Board of Dentistry.
   C. "Society" Defendants: The East Coast District Dental Society, its President, Vice president, and an employee.
   D. "Consultant" Defendants: Two dentists hired to provide consulting and investigation services to the DPR.

2. Motions Considered:
   A. DPR Defendants' Motion to Dismiss (DE 35), Plaintiff's Memo in Opposition (DE 47); Defendants' Reply (DE 50);
   B. BOARD Defendants' Motion to Dismiss (DE 41, 42); Plaintiff's Memo in Opposition (DE 55); Defendants' Reply (DE 64);

were initially referred to United States Magistrate Samuel J. Smargon, who issued a Report and Recommendation thereon. Upon objections filed by several defendants, the Court set this matter for a hearing, held August 7, 1989, at which counsel representing the plaintiff and the various groups of defendants were present and heard. The Court has considered the Motions, the Report and Recommendation and objections thereto, and the pertinent portions of the record, and is otherwise fully advised in the premises.

Background

The Complaint alleges that Plaintiff has been harassed for years by the various Defendants through the institutions that regulate the profession of dentistry in Florida, including the Department of Professional Regulation (hereinafter "DPR") and the Board of Dentistry (the "Board"). Plaintiff maintains that the motive for this harassment is the economic threat posed by the success of his advertising. Plaintiff contends that traditional, non-advertising dentists control the regulatory apparatus of the state and have been unconstitutionally applying the regulations against him. Specifically, Plaintiff alleges that Defendants have been selectively prosecuting by bringing and prosecuting actions against him that would not have been maintained against nonadvertising dentists. As evidence of this harassment, the complaint details 43 administrative complaints filed against Dr. Rindley, most of which have allegedly been delayed, dismissed at the last minute, or remain pending. Plaintiff also complains that "letters of guidance" have been published in a state funded administrative newsletter, a humiliation for which he has had opportunity neither to contest nor appeal. As a result, he brings this action for damages, declaratory and injunctive relief arising under 42 U.S.C.

C. CONSULTANT Defendants' Motion to Dismiss (DE 32); Plaintiff's Motion in Opposition (DE 39);

D. United States Magistrate Samuel J. Smargon's Report and Recommendation (DE 80); DPR Defendants' Objection (DE 81); BOARD Defendants' Objection (DE 83); and Plaintiff's Response (DE 86).

§§ 1983, 1988, and the First, Fifth and Fourteenth Amendments. He requests an injunction preventing further selective prosecution and preventing issuance of "letters of guidance" without notice and hearing. He also requests a declaration that the statutes purportedly authorizing these activities are, either facially or as applied, unconstitutional.

Defendants contend Plaintiff's complaint should be dismissed on several grounds. Among other things, Defendants contend that various forms of the abstention doctrine apply, and that the Court should therefore pass on adjudicating this case. The Court agrees and finds that this case presents exceptional circumstances where an "order to the parties to repair to the state court would clearly serve an important countervailing interest." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976).[3]

The Supreme Court discussed abstention by the district courts in *Colorado River*. The Court instructed that abstention from exercising federal jurisdiction is the exception, not the rule. *Id.* 96 S.Ct. at 1244. However, abstention is appropriate in two categories of cases: (a) "Cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law," *id.* at 1245 (citing *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) and progeny); and (b) where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar. *Id.* (citing *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959)).[4] This

3. Because the Court abstains in this case, it makes no determination as to the merits of the case or of any other ground for dismissal urged by the defendants.

4. Regarding the latter category, the Court stated, "the state question itself need not be determinative of state policy." It would be enough if federal review would be "disruptive of state

case is eligible for abstention under either category.[5]

*Pullman* Abstention:

■ Directing attention to the first category, commonly referred to as *Pullman* abstention, Defendants submit that this case presents questions of unsettled state law which should be addressed by the state courts. Two criteria have been established for application of the *Pullman* doctrine: 1) the case presents an unsettled question of state law and 2) the question of state law is dispositive of the case or would avoid or substantially modify the constitutional question presented. *Duke v. James,* 713 F.2d 1506, 1510 (11th Cir.1983). Regarding the first prong of the *Pullman* test, the statute must be "fairly subject" to alternate interpretations. To satisfy the second prong, the alternate interpretation must be an "avoiding construction," one that avoids the constitutional problems. *Duke,* 713 F.2d at 1510.

The challenged statute, F.S.A. § 455.225(3) (1983), states in pertinent part:

If the probable cause panel finds that probable cause exists, it shall direct the [DPR] to send the licensee a letter of guidance or to file a formal complaint against the licensee. If directed to do so, the [DPR] shall file a formal complaint against the [subject] and prosecute that complaint pursuant to the provisions of chapter 120.

The Court takes notice of the dearth of Florida authority, Supreme Court or otherwise, construing this or other relevant statutes. The parties agree that the Florida courts have not interpreted § 455.225(3); the Court would be navigating uncharted waters if it adjudicated this case. Notwithstanding this paucity of authority, the Magistrate and Plaintiff noted that Defendants had not come forth with any "fairly subject avoiding construction."[6] However, a review of the applicable statutes indicates that § 455.225 is "fairly subject" to "avoiding constructions."

For example, § 455.225(3) states that the letter of guidance shall be sent to the licensee. However, according to the complaint, the Defendants have been publishing the letters of guidance in a newsletter which is disseminated to dentists. F.S.A. § 455.208 (1988) gives the DPR and Board the authority to "advise licensees periodically, through the publication of a newsletter, about information that the department or the board determines is of interest to the industry." Whether Defendants have the authority to publicize the letters of guidance in their newsletter under § 455.225 or § 455.208 is a fair question of law, which may moot the federal constitutional questions. Plaintiff's due process might not be violated if the "letters of guidance" were not publicized.

Another "fairly subject" construction involves the issue of whether notice and hearing should be required before a letter of guidance is issued or publicized. The language of § 455.225(3) suggests that letters of guidance are not subject to the notice and hearing due process safeguards of Chapter 120. However, F.S.A. § 120.57 provides for notice and a hearing and applies "in all proceedings in which the substantial interests of a party are determined by an agency." Section 120.68 provides that a "party who is adversely affected by final agency action is entitled to judicial review." Whether letters of guidance are matters of "substantial interest" or "final actions" are also questions fairly subject to

efforts to establish a coherent policy with respect to a matter of substantial public concern." *Colorado River,* 96 S.Ct. at 1245 (citing *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943)).

**5.** Defendants also urge that the abstention doctrine promulgated in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) also applies, because there are administrative actions currently pending against Plaintiff. Plaintiff admits that there are cases currently pending.

However, Plaintiff contends that *Younger* does not apply because he did not have a full and fair opportunity to present his claims in those proceedings. The Court recognizes that the Defendants have shown a *prima facie* basis for *Younger* abstention, but declines to rely on it here.

**6.** Failure to specify a "fairly subject avoiding construction" may defeat abstention. *See, e.g., Nasser v. City of Homewood,* 671 F.2d 432 (11th Cir.1982).

interpretations which could avoid federal constitutional analysis. If Plaintiff were entitled to fair notice and hearing before the letters of guidance were publicized, due process would be afforded.

■ Having determined that this case falls within the scope of the *Pullman* doctrine, the next question is whether the Court's discretion to abstain should be exercised. *Duke,* 713 F.2d at 1510; *but see Babbitt v. United Farm Workers Nat. Union,* 442 U.S. 289, 99 S.Ct. 2301, 2314–16, 60 L.Ed.2d 895 (1979) (holding that failure to abstain where state law is patently ambiguous is reversible error). Relevant factors arguing against abstention are "delay, cost, doubt as to the adequacy of state procedures for having the state law question resolved, the existence of factual disputes, and the fact that the case has already been in litigation for a long time." *Duke,* 713 F.2d at 1510. Factors favoring abstention include the "availability of 'easy and ample means' for determining the state law question, the existence of a pending state court action that may resolve the issue, or the availability of a certification procedure." *Id.*

Here, there would be some delay and cost to the parties, however, the Florida judicial system is available for declaratory actions regarding Florida statutes (*see* Florida Statutes Chapter 86, "Declaratory Judgements"). Questions of fact are not predominate, and this action is still in an early stage of litigation. On the other hand, there may be no "easy and ample means" for determining these issues; there is currently no state court action pending (although there are several administrative complaints in various stages pending against Plaintiff); and a federal district court has no power to certify a question to the Florida Supreme Court.[7]

Considering these factors in light of the ambiguity of the subject statute, the Court concludes that this is a proper case for abstention pursuant to the *Pullman* doctrine.[8] Furthermore, the fact that this case is also eligible for the *Burford/Thibodaux* type of abstention (discussed below) tilts the scale unavoidably in favor of this conclusion.

*Burford/Thibodaux* Abstention:

■ The second category of abstention identified in *Colorado River* is popularly referred to as *Burford* or *Thibodaux* abstention.[9] This category focuses on principles of federalism and comity, and a state's interest and greater competency in adjudicating matters of local concern.

The contours of *Burford* abstention are not well defined. *See Southern Railway Company v. State Board of Equalization,* 715 F.2d 522, 527 (11th Cir.1983). However, the relevant factors stem from the overriding question of whether the "exercise of federal review of the question in the case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern," *Colorado River,* 96 S.Ct. at 1245.

In the case under review, Florida has a significant interest in regulating the competency of dentists practicing within the state. *Allen v. Louisiana State Bd. of Dentistry,* 835 F.2d 100, 103 (5th Cir.1988). Furthermore, Florida Statutes Title XXXI, Chapters 454–493 evince an extensive scheme designed to regulate professions and occupations, including dentistry. Title XXXI establishes a specific department with boards to regulate the various professions, and establishes institutions and procedures for licensing, review, reporting, discipline, and advertising. The statutes

---

**7.** The Eleventh Circuit Court of Appeals can certify a question, however. F.S.A. § 25.031, Fla.App.P.R. 9.150.

**8.** The Court, by abstaining, does not necessarily deprive Plaintiff of a federal forum to review his constitutional claims. Through the appellate process, his claims may eventually be appealed to the United States Supreme Court.

**9.** Although related by the fact that both share a concern about disrupting areas of local concern, the *Burford* and *Thibodaux* abstention doctrines differ in a number of ways, primarily whether there exists constitutional issues or questions of state law. The *Pullman* objective of avoiding federal constitutional adjudication is not relevant, however. *Colorado River,* 96 S.Ct. at 1245 n. 21.

also establish means whereby the professions are regulated by boards which have the special competency to decide problems and issues which arise. F.S.A. Ch. 455.

Furthermore, review by federal courts in this area could have a disruptive effect. In our case, it will be necessary to construe several sections, including but not necessarily limited to §§ 455.225(3), 120.57, 120.-68, and 455.208. These sections, relating to discipline, publicizing industry information, notice and hearings, and judicial review, affect not only the regulation of dentistry but also all other professions and occupations which fall under the ambit of Title XXXI, and other administrative agencies. Thus, interpretation of the statutes relevant to this complaint might disrupt many other areas of regulation in Florida. Finally, the very fact that there are unsettled questions of state law, as discussed above, is a factor favoring abstention. *Colorado River*, 96 S.Ct. at 1244. For these reasons, it is

ORDERED AND ADJUDGED that the Magistrate's Report and Recommendation be, and the same is, hereby OVERRULED. Defendants' Objections to the Magistrate's Report, and the various Motions to Dismiss are hereby GRANTED, but only on the grounds that this Court is abstaining from exercising jurisdiction for the reasons discussed above. The Court makes no determination on the merits of this case or of any other ground for dismissal put forth by any defendant. Thereupon, this cause is hereby DISMISSED without prejudice. *O'Hair v. Hill*, 641 F.2d 307, 309 (5th Cir. 1981).

DONE AND ORDERED.