Stephen RINDLEY, D.D.S., Plaintiff-Appellant,

v.

Thomas GALLAGHER, et al., Defendants-Appellees,

Marshall Brothers, D.D.S., et al., Defendants.

No. 89-6186.

United States Court of Appeals, Eleventh Circuit.

April 30, 1991.

Karen C. Amlong, Fort Lauderdale, Fla., for plaintiff-appellant.

Betsy E. Gallagher, Gail Leverett (f/k/a Kniskern), Miami, Fla., for defendants-appellees.

J. Terrell Williams, Tallahassee, Fla., for Ferris, et al.

M. Stephen Smith III, Lee S. Miller, Amy Uber, Miami, Fla., for Secy., Gallagher and Lamb.

Before HATCHETT and
EDMONDSON, Circuit Judges, and
PECKHAM *, Senior District Judge.

HATCHETT, Circuit Judge:

In this lawsuit filed by a dentist undergoing disciplinary proceedings, we reverse the district court's dismissal of the lawsuit through the application of doctrines of abstention. 719 F.Supp. 1076.

## FACTS AND PROCEDURAL HISTORY

Stephen Rindley is an advertising dentist who alleges that non-advertising dentists, as well as non-dentists who are economically dependent on non-advertising dentists, conspired with the Florida Department of Professional Regulation (DPR) to implement a policy of selective enforcement of the disciplinary statutes regulating the practice of dentistry against those dentists who engage in commercial advertising.

Rindley filed this lawsuit in the district court against present and former members of the Florida Board of Dentistry (the board), the Secretary of the DPR, two DPR attorneys, two dentists who had worked as consultants for the DPR and the board, the East Coast Dental Society (the society), one of its officers, and two of its employees. According to Rindley, the DPR is more likely to require field investigations of advertising dentists and desk investigations of non-advertising dentists in matters involving similar allegations of incompetence or misconduct. In addition, according to Rindley, the DPR is more likely to recommend, and the board through its "probable cause" panels is more likely to find, that probable cause exists to believe a violation of the statutes has occurred when reviewing an advertising dentist's conduct than when reviewing a non-advertising dentist's similar conduct. Rindley also alleges that the board and the DPR, through its disciplinary procedure of issuing "letters of guidance" without providing for notice and a hearing, have violated his due process rights.

Rindley sought declaratory and injunctive relief, as well as damages, pursuant to 42 U.S.C. § 1983 for the alleged violation of his rights guaranteed under the first, fifth, and fourteenth amendments to the Constitution. Specifically, Rindley sought injunctive relief to prevent selective enforcement of laws against advertising dentists (Count I), damages for selective enforcement of laws (Count II), damages for conspiracy to selectively enforce the laws

---

* Honorable Robert F. Peckham, Senior U.S. District Judge for the Northern District of California, sitting by designation.

(Count III), injunctive relief to prevent the further use of letters of guidance pursuant to Florida Statutes § 455.225(3) (1983) (Count IV), damages for the improper use of letters of guidance (Count V), and declaratory and injunctive relief against the appellees' interpretation of Florida Statutes § 455.225(9) (1983) (Count VI).[1]

All appellees filed motions to dismiss the complaint. The district court granted the motions to dismiss Rindley's complaint based on the *Pullman* and the *Burford* abstention doctrines. *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). The court also stated that a *prima facie* case for abstention under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), had been made, but that it did not rely upon this ground for dismissal. The district court made no other determination of the merits of the case or of any other ground for dismissal.

## CONTENTIONS

Rindley contends that neither the *Pullman*, *Burford*, nor *Younger* abstention doctrines apply to Counts I through V of his complaint.[2]

The DPR (other appellees present similar contentions) contends that the district court correctly applied *Pullman* and *Burford* abstention, and that Rindley's action is also barred by the *Younger* abstention doctrine.

The society members contend that Rindley's section 1983 claim against them should be dismissed because they did not act under color of state law.

The board members contend that the section 1983 claim for monetary damages against them is barred by eleventh amendment and quasi-judicial immunity.

## ISSUES

The issues are: (1) whether the district court correctly determined that the *Pullman* doctrine applies to this action; (2) whether the district court correctly determined that the *Burford* doctrine applies to this action; and (3) whether Rindley's action is barred by the *Younger* abstention doctrine.

## DISCUSSION

In the Eleventh Circuit, a district court's decision to abstain will only be reversed upon a showing of abuse of discretion. *Casines v. Murchek*, 766 F.2d 1494, 1502 (11th Cir.1985) (district court's decision to refrain from *Pullman* abstention is subject to abuse of discretion standard of review); *Southern Ry. Co. v. State Bd. of Equalization*, 715 F.2d 522 (11th Cir.1983) (district court's decision to abstain under the *Burford* doctrine is subject to abuse of discretion standard of review), *cert. denied*, 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984); *High Ol' Times, Inc. v. Busbee*, 621 F.2d 135, 138 (5th Cir.1980) (*Pullman* abstention by district court is subject to abuse of discretion standard of review).[3]

### I. *Pullman* Abstention

Under the *Pullman* abstention doctrine, "a federal district court is vested with discretion to decline to exercise or to postpone the exercise of its jurisdiction in deference to state court resolution of underlying issues of state law." *Harman v. Forssenius*, 380 U.S. 528, 534, 85 S.Ct. 1177, 1181, 14 L.Ed.2d 50 (1965) (citing *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941)). Two criteria have been established for application of the *Pullman* doctrine: (1) the case presents an unsettled question of state law, and (2) the question of state law

1. The 1989 amendment to section 455.225 renumbered former subsections (3) through (11) as subsections (4) through (12). Fla.Stat.Ann. § 455.225 historical note (West Supp.1990).

2. Rindley concedes that Count VI of his amended complaint is properly subject to *Pullman* abstention.

3. Decisions of the former Fifth Circuit Court of Appeals filed before October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

is dispositive of the case or would avoid, or substantially modify, the constitutional question presented. *Duke v. James,* 713 F.2d 1506, 1510 (11th Cir.1983). If a case presents such an issue, it is incumbent on the court to exercise discretion in deciding whether to abstain. *Duke,* 713 F.2d at 1510. Because it is "severely circumscribed to constitutional challenges posing 'special circumstances,' ... [*Pullman* abstention] is therefore the exception rather than the rule." *High Ol' Times,* 621 F.2d at 139 (quoting *Zwickler v. Koota,* 389 U.S. 241, 248, 88 S.Ct. 391, 395, 19 L.Ed.2d 444 (1967)).

Section 455.225(4) provides in pertinent part:

> If the probable cause panel finds that probable cause exists, it shall direct the [DPR] to send the licensee a letter of guidance or to file a formal complaint against the licensee.... If directed to do so, the [DPR] shall file a formal complaint against the [subject] and prosecute that complaint pursuant to the provisions of chapter 120.

Fla.Stat.Ann. (West Supp.1990). Rindley argues that the state's current use of this section violates his due process rights.

A question of state law is "unsettled" if it is *"fairly subject* to an avoiding construction." *Duke,* 713 F.2d at 1510. The district court found that Rindley's claims directly presented unsettled issues of state law. In reaching this conclusion, the district court addressed its entire discussion of *Pullman* abstention to the lack of judicial interpretation of section 455.225(4) and other sections relating to issuance of letters of guidance, possible "avoiding constructions," and available state court means to obtain a judicial interpretation of the section.

In Counts I, II, and III of the amended complaint, the issuance of letters of guidance are but two of ten categories of conduct with regard to which Rindley alleges he and other advertising dentists are treated differently than their non-advertising colleagues. Moreover, in these counts, Rindley does not question the constitutionality of Florida's statutes, but rather their selective enforcement. Thus, the constitutional questions presented in Counts I, II, and III would remain unanswered regardless of any interpretation placed on the statutes by the Florida Supreme Court.

In regard to Counts IV and V which seek declaratory and injunctive relief concerning the state's alleged improper use of letters of guidance, the district court determined that federal constitutional questions concerning section 455.225(4) could be avoided depending on state court construction of that section in relation with (1) section 455.208, Florida Statutes (1988), and (2) the Administrative Procedure Act, Florida Statutes, chapter 120 (1988).

Section 455.208 allows the DPR and the board to advise licensees, through the publication of a newsletter, of information of interest to the industry. Fla.Stat.Ann. (West Supp.1990). Although section 455.225(4) states that letters of guidance shall be sent to the licensee, the DPR and the board published letters of guidance to Rindley in such a newsletter. The district court posited that the dissemination of letters of guidance through the newsletter is not authorized by section 455.208, and that such a conclusion could moot the federal constitutional questions because Rindley's due process might not be violated if the letters of guidance were not so publicized.

The district court's proposed interpretation of section 455.208 does not substantially avoid Rindley's due process claims. In *Buxton v. City of Plant City, Florida,* 871 F.2d 1037 (11th Cir.1989), we held that placing stigmatizing information into the public record by including it in a public employee's personnel file or in an internal affairs report constitutes sufficient publication to implicate liberty interests requiring procedural due process protection. Regardless, therefore, of whether publication of the letters of guidance in a state newsletter is authorized by section 455.208, because the probable cause finding makes the letter part of the public record, the publication alleged in Rindley's complaint raises a federal constitutional question to which the

interpretation of section 455.208 is immaterial.[4]

The second avoiding construction advanced by the district court involves the issue of whether a notice and hearing are required before a letter of guidance is issued or publicized. The district court suggested that although the language of section 455.225(4) suggests that letters of guidance are not subject to the notice and hearing due process safeguards found in chapter 120, a Florida court might find that Rindley is entitled to notice and hearing before the letters of guidance are issued because section 120.57 provides for notice and a hearing and applies "in all proceedings in which the substantial interests of a party are determined by an agency," and section 120.68 provides that a "party who is adversely affected by final agency action is entitled to judicial review." Fla.Stat. Ann. (West Supp.1990). According to the district court, whether letters of guidance are matters of "substantial interest" or "final actions" are questions fairly subject to interpretations which could avoid federal constitutional analysis.

Rindley argues that Florida law weighs against the conclusion that these statutes are "fairly subject" to any such interpretation. In *Northwest Florida Home Health Agency v. Merrill*, 469 So.2d 893 (Fla. 1st DCA 1985), the court noted that the right to notice and hearing under chapter 120 arises only after the filing of a formal complaint. Model Rule 28–5.110, Florida Administrative Code (1990). Under the plain language of section 455.225(4), letters of guidance are issued at a point prior to, and as an alternative to, the filing of administrative complaints.

We agree with Rindley that *Pullman* abstention is improper because no unsettled question of state law exists which, if decided, would substantially avoid the federal constitutional questions involved in Rindley's claims.

## II. *Burford* Abstention

██ *Burford* abstention is appropriate when "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1245, 47 L.Ed.2d 483 (1976) (citing *Burford*, 319 U.S. 315, 63 S.Ct. 1098).

Applying this doctrine, the district court found that Florida has a significant interest in regulating the competency of dentists practicing within the state. *See Oshins v. York*, 150 Fla. 690, 8 So.2d 670, 672 (1942); *Allen v. Louisiana State Bd. of Dentistry*, 835 F.2d 100, 103 (5th Cir.1988). The district court then concluded that review by federal courts in this area would not only have a disruptive effect on the state's regulation of dentistry, but also on all other professions and occupations falling under the ambit of Florida Statutes Title XXXII, Regulation of Professions and Occupations, chapters 454–93.

Rindley acknowledges that he is asking the federal courts to construe section 455.-225(4). Nevertheless, even if the exercise of jurisdiction results in a declaration that letters of guidance cannot be issued without notice and hearing, "there is, of course, no doctrine requiring abstention merely because resolution of a federal question may result in the overturning of a state policy." *Zablocki v. Redhail*, 434 U.S. 374, 380, n. 5, 98 S.Ct. 673, 678, n. 5, 54 L.Ed.2d 618 (1978).

In *BT Investment Managers v. Lewis*, 559 F.2d 950 (5th Cir.1977), the court considered a challenge to a Florida statute that prohibited certain persons from operating an "investment advisory" service in

---

**4.** The issuance of a letter of guidance becomes part of the public record pursuant to section 455.225(9), which has at all times material to this action provided that:

> the complaint and all information obtained pursuant to the department's investigation shall be exempt from [public disclosure un-

der] s.119.07 until ten days after probable cause has been found to exist by the probable cause panel or by the department, or until the regulated professional or subject of the investigation waives his privilege of confidentiality, whichever occurs first.

Fla.Stat. Ann. (West 1981).

Florida. Its analysis in declining to exercise *Burford* abstention is relevant to the case at bar:

> Although the challenged statutes are part of a large and perhaps complex regulatory scheme—i.e., the Florida Banking Code— ... appellants focus their attack upon a single statute [footnote omitted] whose possible invalidation could scarcely be expected to disrupt Florida's entire system of banking regulation. In this context, we discern no overriding state interest, special state competence, or threat to Florida's administration of its own affairs that would warrant denying appellants access to their chosen federal forum and relegating their various federal claims to the courts of Florida.

*BT Inv. Managers,* 559 F.2d at 955.

In response, the appellees contend that the complexity of the regulatory scheme established in this case distinguishes this case from the holding of *BT Inv. Managers.* Although chapter 455 does affect more than one industry, a ruling declaring the Florida letter of guidance procedure unconstitutional will be no more disruptive than in any case where a federal district court declares a state statute unconstitutional. The letter of guidance procedure is simply one option that supplements the longer disciplinary procedure of filing a formal complaint and prosecution of that complaint pursuant to the provisions of chapter 120 that Rindley concedes provides due process of law. The state of Florida's ability to regulate professionals will not be seriously affected if the letter of guidance procedure is declared unconstitutional.[5] Nor do the appellees explain in what manner the regulatory system would be disrupted should it be determined that notice and hearing are constitutionally required before the issuance of letters of guidance.

No overriding state interests or special competence or threat to administrative integrity is implicated by Rindley's requested invalidation or modification of section 445.-225(4) that warrants denying him access to federal court.

## III. *Younger* Abstention

■ Because the district court stated that the appellees had shown a *prima facie* basis for the application of *Younger* abstention to this case, we will briefly address the issue. In *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court held that federal courts should abstain from enjoining ongoing criminal proceedings absent a showing of bad faith prosecution, harassment, or extraordinary instances of irreparable harm. The *Younger* doctrine, based upon the principle of comity, has subsequently been extended to civil proceedings, but "has been limited to those civil actions in aid of criminal jurisdiction or involving enforcement-type proceedings in which vital interests of the state *qua* state are involved." *Cate v. Oldham,* 707 F.2d 1176, 1183 (11th Cir. 1983). *See, e.g., Pennzoil Co. v. Texaco,* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (state interest in execution of state judgments); *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (important state interest in maintaining and assuring the professional conduct of attorneys it licenses).

In *Middlesex County,* the Supreme Court approved abstention when, instead of responding to the formal complaint brought against him by a state disciplinary committee, a lawyer sought an injunction in federal court against prosecution of those charges. The Court considered whether the plaintiff had an adequate opportunity in the state proceedings to raise his constitutional challenges. 457 U.S. at 432, 102 S.Ct. at 2521. The Court concluded that the attorney had "abundant opportunity to present his constitutional challenges in

---

**5.** The issuance of letters of guidance was not even statutorily authorized prior to 1983, *see* 1983 Fla.Laws c. 83–329, and it is difficult to imagine how federal court determination that use of this additional disciplinary measure is constitutionally impermissible and would fatally disrupt the regulation of Florida's professions and occupations.

state disciplinary proceedings." 457 U.S. at 436, 102 S.Ct. at 2523.

The appellees strongly contend that the disciplinary system challenged by Rindley in this case warrants *Younger* abstention like the disciplinary proceedings in *Middlesex County*. Rindley argues that he does not have an adequate opportunity to present his constitutional claims to the state administrative or judicial systems. According to Rindley, the DPR has repeatedly investigated him, sent him letters of guidance, charged him, and sometimes litigated complaints, but has not offered him an administrative hearing from which judicial review and the presentation of constitutional claims is possible. Because the district court did not rely on *Younger* abstention, it did not make findings, did not reach conclusions, or otherwise treat this issue in such a manner as to render it fit for appellate review. On remand, *Younger* abstention may be further explored.

## CONCLUSION

Because we determine that the district court should not have dismissed Rindley's claims based upon the theories of abstention relied upon, we reverse and remand for proceedings consistent with this opinion.[6]

REVERSED AND REMANDED.

---

**6.** In light of our conclusion that the district court should not have relied upon *Pullman* and *Burford* abstention doctrines as a basis for dismissing Rindley's action, and the fact that the district court did not address any other ground for dismissal, we do not decide whether Rindley's claims against the society or his claims for monetary damages against the board should be dismissed.